HARMENING ET AL. *v.* HARMENING ET AL.

[No. 12,315. Filed January 27, 1926. Rehearing denied April 8, 1926.]

WILLS.—*Order of signing a will by testator and witnesses immaterial when all signatures made as one continuous transaction and are made in presence of all other subscribers.*—Where the execution and attestation of a will occur at the same time and place and form parts of the same transaction, it is immaterial that the witnesses subscribe their names before the testator signs, all the signatures being made in the presence of the other subscribers (*Reed* v. *Watson,* 27 Ind. 443, criticised and distinguished).

From Marion Probate Court (1,575); *Mahlon E. Bash,* Judge.

Action by Edward Harmening and others against Christian Harmening and another. From a judgment for plaintiffs, the defendants appeal. *Reversed.* By the court in banc.

*Othniel Hitch,* for appellants.

*Edward W. Hohlt* and *Frank B. Ross,* for appellees.

This action was instituted by Edward Harmening and five others (the appellees here) against Christian Harmening in his individual capacity and the same Christian Harmening in his capacity as executor (appellants here) to prevent the probate of the will of Mary Harmening, deceased. The deceased was the mother of the parties to this action. There was a trial by jury, resulting in a verdict and judgment for the plaintiffs. The motion for a new trial was overruled. The alleged error assigned and relied on for reversal is the overruling of the motion for a new trial.

The will was signed by three attesting witnesses. One attesting witness testified that the will was signed by the testatrix and afterwards by the attesting witnesses. Two attesting witnesses testified that they signed the will as attesting witnesses before the testatrix affixed her signature. All the attesting witnesses agree that

the signing of the will by the testatrix and the witnesses was one continuous act. The only disagreement is as to the order of signing. All the attesting witnesses agree that the will was read in the presence and hearing of the testatrix and all the witnesses after the signatures had been subscribed thereto.

Immediately following the signature of the testatrix, is the following statement:

"Signed and acknowledged by the above-named Mary Harmening as her last will and testament in our presence and signed by us at her request in her presence and in the presence of each other as witnesses to its execution.

> "Emelia L. Roby
> "Lizzie H. Steinmetz
> "Anna M. Graham."

The specific contention presented by appellant is that the court erred in giving the following instruction to the jury: "The order in which the testatrix and witnesses signed the instrument in suit is a question of fact for you to determine. If you find from a preponderance of the evidence in the cause that any two of the witnesses signed their names before said Mary Harmening, then the instrument is not properly executed."

DAUSMAN, J. (after making the foregoing statement) —Our statute, which has been in force continuously for nearly a century, is as follows:

"No will, except a nuncupative will, shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence with his consent, and attested and subscribed in his presence by two or more competent witnesses."

It will be observed that the statute is silent concerning the order of signing by the testator and the witnesses. The statutory requirement is that the will must

be "attested and subscribed in his presence by two or more competent witnesses."

In support of the contention that the will was unduly executed because of the alleged order in which the signatures were subscribed, the appellees rely exclusively on the case of *Reed* v. *Watson* (1867), 27 Ind. 443. It is difficult to clearly understand that case with respect to the question in controversy here. On that point, the opinion is confusing, to say the least. After patient study and due reflection, we have reached the conclusion that it is not to be regarded as authority for the proposition that a will is void merely because of the order of signing, where the execution by the testatrix and the witnesses was one continuous act. However, as pointed out by the Supreme Court of Michigan, the statement in the Reed case concerning the order of signing, is clearly *obiter*. *In re Horn's Estate* (1910), 161 Mich. 20, 125 N. W. 696, 26 L. R. A. (N. S.) 1126, 20 Ann. Cas. 1364.

In *Bundy* v. *McKnight, Exr.* (1874), 48 Ind. 502, a well-considered case, the court said at page 508: "The case of *Reed* v. *Watson*, 27 Ind. 443, is also relied upon. In that case, one of the witnesses signed the will at the request of the testator, before it was signed by the testator, who took it away with him, and afterward he signed the will, and then another witness signed it at his request. It was held that the will was not properly executed, because it was necessary that the testator should have signed the will before it was attested by the witnesses. The testator must sign his name in the presence of the witnesses, but if this is not done, he must acknowledge his signature in their presence. This was not done in that case, and for that reason the will was held to be invalid."

Without entering upon a detailed and extended discussion of the subject, we will content ourselves with the

statement that where the signing by the testator and the witnesses was one continuous transaction and all the signatures were in the presence of each other the will is properly executed in that respect, in the absence of a statutory rquirement to the contrary.

It has been held in numerous cases that where the execution and the attestation of the will occur at the same time and place and form parts of the same transaction, it is immaterial that the witnesses subscribe before the testator signs, so that the attestation immediately precedes instead of succeeds the execution. 28 R. C. L. 128, and authorities there cited. Great care must be exercised when considering the decisions of other states for the reason that the statutory requirements are not uniform. In Michigan, the statutory provision is in meaning identical with ours. §9266 Comp. Laws 1897. In a recent decision, the Supreme Court of Michigan said: "Where there is no explicit requirement of the statute as to the order of the signatures, and when all who participate are present at the same time and their acts are part of one continuous transaction, it requires no extended argument to determine that the order of signing is immaterial under such a statute. Such a conclusion is founded upon sound reason, and, we think, is supported by the weight of American authority. We are of the opinion that the construction contended for by contestant is narrow and inequitable, and, in a case like the present, would make the validity of a will depend upon the capricious memory of one person, subject to such possible influence as the activity or inducements of interested parties might suggest." *In re Horn's Estate, supra.*

We approve and adopt the foregoing quotation and make it a part of this opinion.

The judgment is reversed, and the trial court is directed to grant a new trial.